hLANDRIEU, J.,
concurring.
I concur in the majority’s maintenance of the exception of lack of subject matter jurisdiction. I believe certain claims al- ' leged by plaintiffs are arguably within the 'original jurisdiction of the district court. However, because this is primarily a rate case, i.e., one concerning the establishment and regulation of electric utility rates, a matter reserved to the exclusive jurisdiction of the New Orleans City Council, the doctrine of primary jurisdiction suggests that this case should first be considered by the Council. In Daily Advertiser v. Trans-La, 612 So.2d 7 (La.1993), the Supreme Court relied upon the doctrine of primary jurisdiction in holding that the trial court should have sustained an exception as to the subject matter jurisdiction of the district court because the crux of the dispute was a rate matter within the exclusive original jurisdiction of the Louisiana Public Service Commission. In Daily Advertiser, residential and commercial natural gas customers sued several pipeline companies alleging the defendants had manipulated fuel adjustment clauses and thereby overcharged customers. Besides seeking a refund of the alleged overcharges, plaintiffs asserted state law antitrust violations and sought damages for those and other state law claims. Faced with the dilemma of some claims cognizable in district court and others within the exclusive jurisdiction of the Commission, the Court’s solution was to dismiss based on lack of subject matter jurisdiction the plaintiffs’ claims insofar as they |2sought rate determinations and reparation for overcharges, which were within the exclusive jurisdiction of the Commission, and to defer until after the completion of the Commission proceedings the remainder of plaintiffs’ claims under the doctrine of primary jurisdiction. Daily Advertiser, supra, 612 So.2d at 26.
The Court noted:
In some cases it is very difficult to determine whether the relief demanded by the parties presents issues for court resolution or agency resolution, and some cases present both. Under such circumstances the court in which an exception of lack of subject matter jurisdiction is filed may consider the doctrine of primary jurisdiction.
Id. at 31 (quoting Central Louisiana Electric Co., Inc. v. Louisiana Public Service Commission, 601 So.2d 1383, 1388 (La.1992); emphasis in the original). In holding that the district court had abused its discretion by failing to invoke the primary jurisdiction doctrine, the Supreme Court in Daily Advertiser observed: “It would indeed be an inefficient use of the courts and the Commission not to have the benefit of the Commission’s expertise in such instances.” Id. at 32 (quoting South-West Utilities v. South Central Bell Telephone Co., 339 So.2d 425, 429 (La.App. 1st Cir.1976)).
Similarly, I believe the doctrine of primary jurisdiction should be invoked to allow the City Council to consider those aspects of plaintiffs’ claims which are within its exclusive jurisdiction prior to the district court’s consideration of plaintiffs’ claims in any other respect. Therefore, I concur in the result reached by the majority.